IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY CARON,

                Plaintiff,

v.

DR. BURTON COX, JR., *et al.*,

                Defendants.

ORDER

15-cv-411-wmc

---

Plaintiff Gary Caron filed this civil action pursuant to 42 U.S.C. § 1983, alleging that medical staff at Wisconsin Secure Program Facility were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. At plaintiff's request, the court recruited counsel Tim Edwards of the law firm of Edwards Richter & Phillips in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a scheduling conference to set the calendar in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in April 2016, as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of

a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at her direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Tim Edwards of the law firm of Edwards Richter & Phillips as plaintiff's *pro bono* counsel of record and to set this case for a scheduling conference in April 2016, as the court's schedule allows.

Entered this 25th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge